(No. 4114—)

LADD SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1949.*

ROY A. PTACIN, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General; ARCHIE I. BERNSTEIN, Assistant Attorney General, for Respondent.

DAMRON, J.

This complaint was filed August 30, 1948, seeking an award under the Workmen's Compensation Act for partial disability and loss of use of claimant's right hand by reason of injuries alleged to have been sustained in an accident on June 27, 1948.

Claimant, Ladd Smith, had prior to the accident been employed for two months as a ward attendant of the Chicago State Hospital by the Department of Public Welfare. His rate of pay was $135.00 per month. It is alleged the accident arose out of and in the course of such employment. Respondent contested this allegation because of certain time entries in the regular hospital record books apparently contradicting the injuries as received in line of duty. Respondent contended that the accident occurred at 2:30 P.M., fifteen minutes before the claimant reported for work. Inspection of the original book of record showed this time entry, which might have been interpreted as "2:30", to have been written over. At the second of two extended hearings, respondent's supervisor of attendants at the Chicago State Hospital testified that he had originally entered such time

as ''5:30'' confusing it with the time claimant was first given medical attention at the hospital for his injury. He added that realizing his error, he immediately wrote over the numeral ''5'' to change it to the numeral ''3''. This writing over caused the time to appear as either ''2:30'', ''3:30'', or ''5:30''. The supervisor's testimony in conjunction with other testimony establishes Ladd Smith was injured at 3:30 P.M., a time when he was in the course of employment by the respondent. Further conflict in the hospital records relates to the day of the injury, whether on Saturday, June 26th, or Sunday, June 27th. It is believed such confusion stems from a mislaid injury report required by rules of the hospital to be accomplished by employees within 24 hours after occurrence of injury. From the record such injury report had been made out on Sunday, June 27th and given to a patient whose duty was to transmit same to the supervisor's office. The greater weight of the evidence shows claimant to have been on duty at 3:30 P.M. on June 27, 1948 in Ward c-10 of the Chicago State Hospital. Working with him was charge attendant, Kenneth E. Long, now employed by the Illinois Tool Works, Elgin, Illinois, who so testified. At that time the ward doorbell rang and claimant went to the ward door to admit entering patients. As he was so engaged and counting the patients he stepped back inside the door to converse with Mr. Long, who was working on reports in the ward office a few feet away. Actuated by wind or draft, the door slammed shut on claimant's right hand held on the door facing or jam.

Due to injury to the fourth metacarpal of claimant's right hand, the knuckle is displaced to the degree that when making a fist the ring finger only closes to a point about a quarter of an inch from the palm of the hand.

The medical testimony of Dr. Albert C. Fields, called on behalf of the claimant, and Dr. Louis Olsman, called on behalf of the respondent, is in substantial agreement except as to the extent of permanent disability caused by the injury. Commissioner Young heard the testimony and personally observed and examined the condition of claimant's right hand. It is the finding of the commissioner that claimant has sustained a permanent and partial loss of use of his right hand to the extent of 15%, and we adopt his recommendation as a basis of this award. The proof offered at the hearings in this cause does not justify this Court in allowing temporary total compensation payments, therefore that portion of the claim is hereby denied.

Claimant had not been employed for one year next preceding his injury; however, employees in his classification at said hospital earned $1,620.00 per annum. His average weekly wage therefore would be $31.73, making his weekly compensation rate amount to the sum of $19.50. If claimant had lost the complete use of his right hand, he would have been entitled to receive, under the Workmen's Compensation Act as amended, the sum of $19.50 for 175 weeks. Having lost 15% of the functional use of this hand, claimant is entitled to 25½ weeks at his compensation rate, making the sum of $497.25. *O'Dorman* vs. *State of Illinois,* 16 C.C.R. 277.

An award is therefore hereby entered in favor of Ladd Smith in the sum of Four Hundred Ninety-seven Dollars and Twenty-five Cents ($497.25) representing 15% functional loss of use of his right hand as provided under Section 8 (e) of the Workmen's Compensation Act as amended, all of which has accrued and is payable forthwith.

A. M. Rothbart Court Reporting Service, 120 South

LaSalle Street, Chicago, Illinois, was employed to take and transcribe the evidence in this case and has rendered a bill of Ninety-three Dollars and Thirty Cents ($93.30). The Court finds that the amount charged was fair, reasonable, and customary and said claim is therefore allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".